IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
(NEW ALBANY DIVISION)

BROOKE ERNI                                                                     PLAINTIFF
3413 Prestwick Square Drive, Apt. 72
Jeffersonville, Indiana 47130


v.


EQUIFAX INFORMATION SERVICES, LLC                                DEFENDANT
1550 Peachtree Street, N.W.
Atlanta, Georgia 30309

        SERVE:    Corporation Service Company
                          135 North Pennsylvania Street, Suite 1610
                          Indianapolis, Indiana 46204
                          (BY CERTIFIED MAIL)

** ** ** **

<b><u>VERIFIED COMPLAINT</u></b>

Comes the Plaintiff, Brooke Erni, and for her Verified Complaint against the Defendant, Equifax Information Services, LLC ("Equifax"), states as follows:

<b>I. <u>PRELIMINARY STATEMENT</u></b>

1.    This is an action for violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 <u>et seq.</u>, arising out the Defendant's false reporting of and Defendant's failure to investigate Plaintiff's dispute regarding alleged collections accounts.

<b>II. <u>PARTIES</u></b>

2.    Plaintiff, Brooke Erni, is currently and was at all relevant times a citizen of the State of Indiana residing at 3413 Prestwick Square Drive, Apartment 72, Jeffersonville, Indiana 47130.

3. Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4. Defendant, Equifax, is a is a corporation organized under the laws of the State of Georgia with its principal place of business located at 1550 Peachtree Street N.W., Atlanta, Georgia 30309.

5. Equifax is a consumer reporting agency that "compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

6. Equifax is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

### III. JURISDICTION

7. This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Clark County, Indiana as a result of the Defendants doing business in Clark County, Indiana.

### IV. FACTUAL BACKGROUND

8. In February 2018, Plaintiff, who was in the process of attempting to secure mortgage financing, accessed her Equifax credit report. Plaintiff's Equifax credit report contained several alleged collection accounts owed by Plaintiff.

9. Immediately upon discovering the alleged collection accounts, Plaintiff disputed the alleged collection accounts with Equifax.

10. Plaintiff never received any results from Equifax concerning her dispute of the tradelines. The tradelines are currently reporting on Plaintiff's Equifax credit report.

11. Equifax's failure to investigate Plaintiff's dispute has damaged Plaintiff in that

Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to Equifax's failure to properly investigate Plaintiff's dispute and to delete or amend their reporting of the alleged collection accounts.

## V. **CLAIMS**

### Negligent Violation of the Fair Credit Reporting Act

12. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 11 as if fully set forth herein.

13. Equifax's failure to properly investigate the disputed items and its consequent failure to delete or amend its reporting of the disputed items are violations of Equifax's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

14. Equifax's failure to properly investigate the disputed items and its consequent failure to delete or amend its reporting of the disputed items within a reasonable time following Equifax's receipt of Plaintiff's dispute are violations of Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i. Equifax's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act

15. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 14 as if fully set forth herein.

16. Equifax's failure to properly investigate the disputed items and its consequent failure to delete or amend its reporting of the disputed items are willful violations of Equifax's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

17. Equifax's failure to properly investigate the disputed items and its consequent failure to delete or amend its reporting of the disputed items within a reasonable time following Equifax's receipt of Plaintiff's dispute are willful violations of Equifax's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

18. Equifax's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorney's fees.

WHEREFORE, Plaintiff, Brooke Erni, respectfully demands the following:

1. Trial by jury on all issues so triable;

2. Judgment against the Defendant for statutory, compensatory, consequential and punitive damages;

3. For attorneys' fees and costs; and,

4. Any and all other relief to which Plaintiff may appear to be entitled.

Respectfully submitted,

/David W. Hemminger
David W. Hemminger
HEMMINGER LAW OFFICE, PSC
331 Townepark Circle, Suite 100-C
Louisville, KY 40243
(502) 443-1060
hemmingerlawoffice@gmail.com
*Counsel for Plaintiff*

## VERIFICATION

I, Brooke Erni, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

_____
Brooke Erni

STATE OF INDIANA            )
                            ) SS
COUNTY OF CLARK             )

Subscribed, sworn to and acknowledged before me by Brooke Erni this __14__ day of __June__, 2018.

_____
Notary Public

Commission expires: __6/5/2021__

[Notary Seal: JENNIFER STEPHENSON, NOTARY PUBLIC, ID NO. 580651, MY COMMISSION EXPIRES 6/5/2021, STATE AT LARGE, KY.]